IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RAHANEED OMAR GORDON**,
    Petitioner,

v.

**UNITED STATES OF AMERICA,**
    Respondent.

Civil No.:   3:16-CV-80
Criminal No.: 3:13-cr-59
**(JUDGE GROH)**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On June 13, 2016, Rahaneed Omar Gordon ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 3:16-CV-80, ECF No. 1; Criminal Action No. 3:13-CR-59, ECF No. 84).[1]  The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, it is recommended that the District Judge deny and dismiss the Petitioner's motion.

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 3:13-CR-59.

1

## II.   FACTS

Petitioner entered a plea of guilty to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) on February 3, 2014.  ECF No. 40.  On June 2, 2014, the Petitioner was sentenced to a term of one hundred eighty-eight (188) months imprisonment, followed by four (4) years of supervised release.  ECF No. 59.  According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within the meaning of       § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") for the following reasons: (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  ECF No. 53, at 6, ¶ 20.  Petitioner filed an appeal of his conviction or sentence by filing a notice of appeal on June 11, 2014.  ECF No. 54.  On appeal, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence by unpublished opinion issued on November 21, 2014.  ECF No. 72.  The opinion indicated that, "counsel [ ] filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there [were] no meritorious issues for appeal but questioning whether Gordon's sentence was greater than necessary to meet the goals of sentencing.  Gordon [ ] filed a pro se supplemental brief arguing that the district court erred in applying the career offender enhancement." Id. at 2.   In regard to the prior convictions which supported Petitioner's career offender enhancement, the Fourth Circuit found that, "under the plain language of the Guidelines, Gordon was sentenced to sentences longer than a year and a month, such sentences were imposed within fifteen years of Gordon's current offense conduct, and neither

conviction has been vacated or reversed.  Thus, the district court correctly counted both these convictions." Id. at 3 – 4.

In this Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), his career offender status is no longer valid under the residual clause. According to the PSR, the previous felony convictions that qualified petitioner as a career offender were attempted armed robbery and armed robbery, both convictions are from the Circuit Court of Washington County, Maryland.  PSR, ECF No. 53, at 6, ¶ 20.  Petitioner alleges that his Maryland convictions for attempted armed robbery and armed robbery are not violent crimes under the residual clause of U.S.S.G § 4B1.2(a)(2).   For relief, Petitioner asks that he be re-sentenced without the career offender enhancement. ECF No. 84-1 at 6.

### III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.  A sentence is "otherwise subject to collateral attack," if a petitioner shows that the proceedings suffered from "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is

3

upon petitioner to establish by a preponderance of the evidence" the grounds for his attack.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In considering a § 2255 motion, "[w]here the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate. If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government."  Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV.   ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015). The only portion of the ACCA that was invalidated was the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" as any crime punishable by more than one year in prison that is not one of the listed offenses of burglary, arson, or extortion, or involves use of explosives, but  "or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . ."

Specifically, the invalidation of only the residual clause of the ACCA means that the provision of the ACCA defining "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i), as a crime punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another," remains in full force and effect.  Additionally, the provision of the ACCA under 18 U.S.C. § 924(e)(2)(B)(ii) defining "violent felony" as any crime punishable by

4

more than one year in prison that "is burglary, arson, or extortion, involves use of explosives. . . ." remain in full force and effect. Therefore, it is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.

Since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the Guidelines as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement 4B1.2(a)(2) is unconstitutionally vague. The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. However, in Beckles v. United States, 137 S.Ct. 886 (2017), the Court held that the Guidelines are not subject to a void for vagueness challenge under the Due Process Clause, because the Guidelines are discretionary, or effectively advisory. Accordingly, Petitioner's assertion that his sentence was improper because the provision of the Guidelines under which he was designated a career offender is similar or identical to the residual clause of the ACCA which was invalidated by Johnson is without merit.

Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1. At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. In turn, this provision relied on §4B1.2 for definitions of key terms. At that time, the pertinent definitions provided:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

    (1)    has an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**. . . .

(c)    The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (<u>i.e</u>., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of <u>nolo contendere</u>.

U.S.S.G. § 4B1.2 (emphasis added).

    Accordingly, the residual clause of § 4B1.2(a)(2), contained the same language as the ACCA which was struck down as unconstitutional in <u>Johnson</u>. However, the Supreme Court in <u>Beckles</u> expressly rejected the argument that the residual clause of § 4B1.2(a)(2) should be treated the same as the residual clause of the ACCA. Petitioner's two prior convictions which resulted in his career offender status were felony convictions for crimes of violence. Petitioner's career offender designation was not imposed pursuant to the residual clause of the ACCA of 18 U.S.C § 924(e)(2)(B)(ii). Accordingly, Petitioner's argument that <u>Johnson</u> renders his sentence void lacks merit.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16-CV-80, ECF No. 1; Criminal Action No. 3:13-CR-59, ECF No. 84] be **DENIED** and **DISMISSED,** because Petitioner was determined to be a career offender under U.S.S.G. § 4B1.1, and Petitioner was not sentenced under the invalidated residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the district court.  The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of

West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 23, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE